**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3325
_____

UNITED STATES OF AMERICA

v.

DENNIS D. DAVIS,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00531-001)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
April 11, 2024

_____

Before: CHAGARES, *Chief Judge*, PORTER and SCIRICA,
*Circuit Judges*.

(Filed: April 12, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

A jury found Dennis Davis guilty of possession of a controlled substance with intent to distribute and possession of a firearm by a felon. During trial, the government elicited testimony from a witness revealing the nature of one of Davis's prior felony convictions. Davis argues that the District Court should have sua sponte declared a mistrial based on that testimony. He also contends that there was insufficient evidence for the jury to find him guilty of each crime. For the reasons that follow, we will affirm.

I

In July 2017, Davis was driving in Middletown Township, Pennsylvania, when an officer attempted to pull him over for tinted windows. Davis sped away and crashed into another vehicle. He then fled into the woods carrying a bag. With multiple officers in pursuit, Davis dropped the bag into high grass and tossed an object onto the roof of a garage. Officers ultimately arrested Davis and recovered the thrown items. They found a loaded handgun, a digital scale, a razor, large rocks of crack cocaine, small baggies filled with crack cocaine, and empty baggies.

The government charged Davis with possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1).[1] The parties agreed to split the trial into two phases. For the drug-related phase, the government presented testimony from an expert who opined that the

---

[1] The government also charged Davis with possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c). The jury found Davis not guilty of that crime, and no issue on appeal turns on it.

quantity of recovered drugs and paraphernalia were consistent with distribution rather than personal use of crack cocaine. The jury found Davis guilty under § 841(a)(1). For the felon-in-possession phase, the government presented evidence of Davis's signed guilty pleas from four prior felony convictions. The government also elicited testimony from an FBI agent. During that testimony, the government asked whether one of Davis's prior felonies was for possession of a controlled substance with intent to distribute, to which the agent responded "yes." App. 422. Davis objected, and the District Court instructed the jury to "disregard" the testimony "as to what [specific] crime" Davis was previously convicted of. App. 426. The jury found Davis guilty under § 922(g)(1). Davis appealed.

II[2]

Davis argues that (1) for the felon-in-possession phase of trial, the District Court erred by failing to sua sponte declare a mistrial after the government elicited testimony regarding the nature of one of his prior felonies,[3] and (2) there was insufficient evidence for the jury to find him guilty under § 841(a)(1) and § 922(g)(1). Neither argument is persuasive.

A

Davis did not request a mistrial after the government elicited testimony regarding the nature of one of his prior felonies. So we review the issue for plain error. *United*

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[3] Davis does not argue that a mistrial was required during the drug-related phase of trial.

*States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir. 2002). Davis must show that "(1) an error occurred, (2) the error [was] plain, and (3) it affect[ed] substantial rights"—that is, it "affected the outcome of the district court proceedings." *United States v. Payano*, 930 F.3d 186, 192 (3d Cir. 2019) (internal quotation marks and quoted source omitted). If Davis establishes all three elements, we may exercise our discretion to award relief only if the error "seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks and quoted source omitted).

Davis fails to carry his heavy burden because the District Court's alleged error did not affect the outcome of the proceedings. After the government elicited testimony regarding Davis's prior drug-related offense, the District Court provided a curative instruction for the jury, directing it to disregard that testimony. We must presume that the jurors "follow[ed] the instruction[] given [to] them" and disregarded that testimony in reaching their verdict. *United States v. Sussman*, 709 F.3d 155, 180 (3d Cir. 2013) (internal quotation marks and quoted source omitted); *see also United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010) (holding that a district court did not plainly err where the prosecutor made an "improper comment" to the jury and the court gave a curative instruction without declaring a mistrial).

In addition, the FBI agent's fleeting reference to Davis's past drug conviction occurred during a trial on an unrelated firearm offense and only *after* the jury found him guilty of a drug offense. So there is no reason to believe that the jury considered that testimony in reaching its verdict. *See United States v. Bailey*, 840 F.3d 99, 131 (3d Cir. 2016) (concluding that a "single, fleeting reference" to the defendant's past conduct

4

unrelated to the offense at issue did not warrant a mistrial). For these reasons, the District Court did not commit plain error by not declaring a mistrial.

B

Davis similarly faces a "very heavy burden" in asking us to overturn the jury's verdicts based on insufficiency of the evidence. *United States v. Root*, 585 F.3d 145, 157 (3d Cir. 2009) (internal quotation marks and quoted source omitted). "We will sustain his conviction[s] if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Id.* (internal quotation marks and quoted source omitted). Davis fails this "bare rationality" standard for each conviction. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (internal quotation marks omitted).

Under § 841(a)(1), "[t]he essential elements of . . . possession of a controlled substance with intent to distribute are that the defendant (1) knowingly possessed a controlled substance [such as a cocaine base, like crack cocaine] with (2) the intent to distribute it." *United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006). After arresting Davis and recovering the thrown items, officers found large rocks of crack cocaine, small baggies filled with crack cocaine, empty baggies, a digital scale, and a razor. The government's expert then testified that these items were consistent with distribution of crack cocaine. Based on Davis's actual possession of the seized drugs and the expert's testimony regarding his intent to distribute, a rational trier of fact could find that the government proved each element beyond a reasonable doubt. *Id.* (affirming conviction

under § 841(a)(1) based on drugs seized from defendant's residence and testimony regarding his intent to distribute).

Under § 922(g)(1), the essential elements of possession of a firearm by a felon are "(1) that the defendant has been convicted of a felony, (2) that after this conviction the defendant knowingly possessed a firearm, . . . and (3) that the firearm was in or affected interstate or foreign commerce." *United States v. Adams*, 36 F.4th 137, 143 (3d Cir. 2022) (internal quotation marks and quoted source omitted). The government must also prove that the defendant "had knowledge of . . . his status as a felon" when he possessed the firearm. *Id.* at 144 (discussing *Rehaif v. United States*, 139 S. Ct. 2191 (2019)).[4] Davis contends that the government failed to prove that he had knowledge of his status as a felon. However, the government presented evidence of Davis's guilty pleas from four prior felony convictions, each indicating the charge as a felony and containing his signature. Based on those signed guilty pleas, a rational trier of fact could find beyond a reasonable doubt that Davis had knowledge of his status as a felon when he possessed a firearm. *See Greer v. United States*, 593 U.S. 503, 509 (2021) ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.").

---

[4] The Supreme Court issued *Rehaif* prior to Davis's trial and conviction.

\*     \*     \*

The District Court did not plainly err by not sua sponte declaring a mistrial. And there was sufficient evidence for the jury to find Davis guilty under § 841(a)(1) and § 922(g)(1). We will therefore affirm the District Court's judgment.